UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

    -against-

WAYNE PHILLIP COSTIGAN,

            *Defendant*.

04-CR-753 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**MEMORANDUM & ORDER**

ROSS, United States District Judge:

### I. BACKGROUND

Between April and August 2004, defendant Wayne Phillip Costigan pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of unlawful use of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (See Min. Entry, ECF No. 5; United States v. Costigan, No. 04-CR-40, Dkt. No. 16 (minute entry for guilty plea in related case); ECF No. 2 (letter explaining relationship between cases 04-CR-40 and 04-CR-753).) On November 9, 2004, I sentenced Mr. Costigan to a combined term of 123 months for all three counts and ordered him to pay restitution in the amount of $103,118, payable at a rate of 15% of his net monthly income, to commence upon his release. (See Am. Judgment, ECF No. 13.)

According to the government, Mr. Costigan was released from BOP custody on February 9, 2010, and subsequently made payments toward restitution totaling $3,561. (Gov't Opp'n to Def.' Mot. to Cancel Restitution ("Gov't Opp'n") at 1, ECF No. 18.) Mr. Costigan stopped making payments around January 2019. (Id.) Earlier this year, on or about March 27, 2025, the government undertook steps to address Mr. Costigan's non-compliance with his restitution obligation and requested, inter alia, that he fill out a current financial statement. (Id.)

Mr. Costigan did not complete the requested paperwork and, instead, filed the instant motion requesting that I reduce or cancel his restitution debt, which currently amounts to approximately $145,989.21.  (Id.; Def.'s Mot. to Cancel Restitution ("Def.'s Mot."), ECF No. 17.)  In his motion, Mr. Costigan explains that he and his wife are retired and live on a small fixed income.  (Def.'s Mot. at 2.)  Mr. Costigan asks that I reduce his debt in recognition of the fact that that he "served thirty-six months longer than [he] may have" if he had been sentenced after the Supreme Court's decision in United States v. Booker 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines are not mandatory.  (Id.)  See Booker, 543 U.S. at 233.  The government opposes Mr. Costigan's motion and argues that, because full restitution is required by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq. ("MVRA"), I lack authority to cancel or reduce the debt.  (Gov't Opp'n at 1–2.)

## II.     DISCUSSION

For certain offenses, including bank robbery, the MVRA requires a sentencing court to order restitution "in the full amount of each victim's losses as determined by the Court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A); 18 U.S.C. 3663A(c)(A)(i); see United States v. Maynard, 743 F.3d 374, 378 n.3 (2d Cir. 2014) (noting that the MVRA applies to bank robbery "because is a 'crime of violence' under 18 U.S.C. § 3663A(c)").  Because an order of restitution is part of a criminal sentence, the total amount can only be modified for the reasons set forth in 18 U.S.C. § 3664(o).  United States v. Hanakis, 645 F. Supp. 3d 120, 123 (E.D.N.Y. 2022); see United States v. Teeple, No. 13-CR-339-2 (VEC), 2016 WL 1328939, at *2 (S.D.N.Y. Apr. 5, 2016) (enumerating reasons listed in 18 U.S.C. § 3664(o)).  Mr. Costigan does not allege—nor do I see any basis to believe—that any of those reasons apply

here. Accordingly, I agree with the government that I lack discretion to alter Mr. Costigan's restitution debt. (See Gov't Opp'n at 3.)

As the government acknowledges, Mr. Costigan may instead seek a modification of the applicable payment schedule based on his ability to pay. (Gov't Opp'n at 3.) See 18 U.S.C. § 3664(k). Before the Court or the government could consider such a request, however, Mr. Costigan would need to provide additional documentation to substantiate his characterization of his financial situation. Accordingly, Mr. Costigan must respond to the government's outstanding request for updated financial information.

## CONCLUSION

For the foregoing reasons, Mr. Costigan's motion (ECF No. 17) is denied. Mr. Costigan is ordered to respond to the government's financial disclosure request no later than January 5, 2026. The clerk of court is directed to mail a copy of this memorandum and order to the defendant. SO ORDERED.

 /s/
Allyne R. Ross
United States District Judge

Dated:        December 16, 2025
              Brooklyn, New York

3